**IT IS ORDERED as set forth below:**



Date: June 27, 2025

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 25-54523-LRC |
| ASHLEY NICOLE FLEET, | |
| Debtor. | CHAPTER 7 |

**ORDER DENYING MOTION FOR REVIEW OF JUDICIAL ORDER AND TO HAVE DISMISSAL OF BANKRUPTCY CASE VACATED**

On May 8, 2025, Debtor filed a Motion for Review of Judicial Order, in which she seeks to have General Order 49-2025 of the Bankruptcy Court for the Northern District of Georgia (the "General Order") deemed unconstitutional and to have "the order for dismissal of the bankruptcy case be vacated[.]" [Doc. No. 18.]

As a preliminary matter, Debtor seeks to have the dismissal order entered in her prior Chapter 7 case—Case No. 24-63116—vacated. That case was dismissed for failure to pay filing fees. [Doc. No. 56.] The filing of the instant Chapter 7 case shortly thereafter rendered moot her request for reconsideration of the dismissal order.[1]

---

[1] Case No. 24-63116 was dismissed March 3, 2025, and the case was closed April 21, 2025. On April 24, 2025, Debtor filed the above-captioned case. Waiver of the filing fee was granted in the instant case. [Doc. No. 19.] However, the Court notes Debtor failed to appear at the Meeting of Creditors that was scheduled for June 3, 2025. [Doc. No. 22.]

With respect to Debtor's claim that the General Order is unconstitutional, the General Order states:

> The Court entered Amended and Restated General Order 45-2021 on May 2, 2023, permitting the electronic submission of certain pleadings by individual debtors not represented by an attorney ("Pro Se Debtors"). This Order supersedes Amended and Restated General Order 45-2021 and is effective March 1, 2025. It is ORDERED that the use of email or fillable form, as defined in Amended and Restated General Order 45-2021, and referred to as the "Emergency Filing System" is rescinded and no longer available to Pro Se Debtors as a method of filing pleadings.

The General Order superseded Amended and Restated General Order 45-2021, which the Court first entered as General Order 34-2020 on March 25, 2020, in response to the Covid-19 pandemic. At that time, a public health emergency had been declared by the Executive Branch of the United States and the State of Georgia, and the Center for Disease Control was calling for measures designed to promote social distancing. *Pro se* litigants have never been permitted to file documents electronically through the Court's Case Management/Electronic Filing System ("CM/ECF"). Rule 5005 of the Federal Rules of Bankruptcy Procedure provides that an "individual not represented by an attorney: (i) may file electronically only if allowed by court order or local rule." Fed. R. Bankr. P. 5005(a)(3)(B). The Court has no local rule or general order that permits *pro se* parties to file using the CM/ECF System. The Emergency Filing System was intended to minimize the need for litigants to travel from their homes or to have contact with others by temporarily providing multiple contactless means for filing by unrepresented parties, including e-mail and facsimile. General Order 34-2020 was expressly subject to being "vacated or amended as necessary and appropriate."

In March 2025, the public health crisis no longer affecting access to the Court, the Court entered the General Order. The General Order ends the temporary ability of *pro se* litigants to file documents by electronic mail or facsimile but *pro se* litigants may continue to file pleadings by U.S. Mail or by hand delivery. [Gen'l Order 49-2025, ¶¶ 1, 2.]

When assessing a constitutional challenge to similar rules adopted by Florida courts to

2

restrict electronic submission of pleadings by *pro se* debtors, the Eleventh Circuit Court of Appeals denied a debtor's request for mandamus, ruling as follows:

> Both the Federal Rules and the district court's local rules clearly allow for the electronic filing restriction on *pro se* litigants that Castro now challenges. Moreover, the district court had broad discretion to manage its docket, the right of access to the courts is not absolute, and Castro has not provided any authority supporting his position that the district court's electronic filing restriction violates the First Amendment. As such, Castro has not shown that the district court had "a duty exacted by law" to permit him to register and file electronically in his pending case that is not "to any degree debatable," and, thus, he has not shown that he has a clear and indisputable right to the relief he seeks.

*In re Castro*, No. 23-10429-J, 2023 U.S. App. LEXIS 8687, *3–4 (11th Cir. Apr. 11, 2023) (internal citations omitted); *see also In re Vital Pharms. Inc.*, Case No.: 22-17842-PDR, 2025 Bankr. LEXIS 999, at *23–24 (Bankr. S.D. Fla. Apr. 23, 2025) ("There is no constitutional right to electronic filing, and courts are permitted to manage access to electronic systems in the interest of administrative efficiency, consistency, and security. So long as a party has a reasonable alternative method of access to the court—as [Debtor] has used consistently in this case—there is no due process or equal protection concern. His inability to file electronically does not constitute a legal barrier to participation, but rather reflects a uniform policy applied nationwide to *pro se* litigants.").

Here, the Court has acted appropriately within the scope of its authority to manage its docket and its electronic filing system. The Court's restriction on *pro se* filings is consistent with the Federal Rules of Bankruptcy Procedure. Further, Debtor has failed to show this restriction leaves her without a reasonable alternative method of accessing the Court.

Accordingly, it is hereby

**ORDERED** that the Motion is DENIED.

The Clerk is directed to serve a copy of this Order upon Debtor, the Chapter 7 Trustee, and the U.S. Trustee.

**END OF ORDER**